**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

In re:

Minnesota School of Business, Inc.,

        Debtor.

Case No.: 19-33629
Chapter 11 Case

In re:

Globe University, Inc.,

        Debtor.

Case No.: 19-33632
Chapter 11 Case

**NOTICE OF HEARING AND MOTION FOR ORDER (I) GRANTING EXPEDITED RELIEF AND (II) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNT AND CHECK STOCK AND CONTINUED USE OF CASH MANAGEMENT SYSTEM**

TO:    The parties-in-interest as specified in Local Rule 9013-3(a)(2).

    1.    Minnesota School of Business, Inc. ("MSB") and Globe University, Inc. ("Globe" and, together with MSB, the "Debtors") hereby move the Court for the relief requested below and give notice of hearing.

    2.    The court will hold a hearing on this Motion at 2:00 P.M. Central Standard Time on November 25, 2019, in Courtroom 2B, 232 Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101.

    3.    Local Rule 9006-1(c) provides deadlines for responses to this Motion. However, given the expedited nature of the relief sought, the Debtors do not object to written responses being served and filed up to two hours prior to the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The petitions commencing these chapter 11 cases were filed on November 20, 2019 (the "Filing Date"). The cases are currently pending before this Court.

5. This Motion arises under 11 U.S.C. §§ 105(a), 365(b), 1107, and 1108. This Motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 9013-1 through -3. Expedited relief is requested pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(d). Notice of the hearing on this Motion is provided pursuant to Bankruptcy Rule 2002(a) and Local Rules 9013-3 and 2002-1(b). To avoid immediate and irreparable harm, the Debtors request entry of an order granting expedited relief and authorizing maintenance of their existing bank account and check stock and continued use of its cash management system. The grounds for this Motion are set forth below.

**BACKGROUND**

6. On the Filing Date, the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases. No creditors' or other official committee has yet been appointed pursuant to section 1102 of the Bankruptcy Code. The Debtors have filed, contemporaneously with this Motion, a motion requesting joint administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

7. Further general background information about the Debtors and this case is set forth in the Declaration of Kenneth McCarthy in Support of Chapter 11 Petition and Initial

2

Motions (the "McCarthy Declaration"), which is incorporated herein by reference. The additional facts relevant to this Motion set forth below are verified by Kenneth McCarthy, as evidenced by the attached verification.

## RELIEF REQUESTED

8.     The United States Trustee has established operating guidelines for debtors in possession who operate their businesses in chapter 11. One such provision requires a debtor in possession to open new bank accounts and to close all existing accounts. This requirement, designed to provide a clear demarcation between pre- and post-petition claims and payments, helps to protect against the inadvertent payment of pre-petition claims by preventing banks from honoring checks drawn before the Filing Date.

9.     As of the Filing Date, the Debtors maintain one active account at Wells Fargo Bank ("Wells Fargo"):

| **Debtor** | **Financial Institution** | **Account Type** | **Account No.** |
|---|---|---|---|
| MSB & Globe | Wells Fargo Bank | Operating Account | XXXXXX7715 |

(the "Bank Account").

10.     The Debtors use the Bank Account to collect and disburse funds, including for the receipt of rent from tenants of properties owned by wholly owned subsidiaries and the payment of general business expenses. The Debtors maintain entries on their books and records to track receipts and payments attributable to each of the Debtors and/or the applicable subsidiary. These book and bank balances are monitored on a daily basis and are reconciled at least on a monthly basis.

11. The Debtors' Cash Management System is similar to those commonly employed by corporate entities of comparable size and complexity. Multi-entity businesses use such systems because of the numerous benefits provided, including, without limitation, the ability to:

   a. quickly create status reports on the location and amount of funds, which allows management to track and control such funds;

   b. ensure cash availability; and

   c. reduce administrative costs through a centralized method of coordinating the collection and movement of funds.

12. The Debtors request that the Court waive the requirement that the Bank Account be closed and new post-petition bank account be opened. If enforced in this case, this requirement will cause disruption to the Debtors' businesses (including the businesses of the Debtors' subsidiaries) and would impair the Debtors' efforts to reorganize. It is imperative to the Debtors' successful operation that they continue to receive timely and uninterrupted payments from the tenants of their subsidiaries and that its employees and service providers receive timely and uninterrupted payments. Maintenance of the Bank Account as an account of the debtors-in-possession would greatly facilitate the Debtors' transition to post-petition operations. For the same reasons, Debtors also seek authorization to use up existing check stock, before ordering replacement supplies that strictly comply with the requirements of the United States Trustee.

13. The Debtors will ensure that their check stock state "Debtor in Possession" in accordance with the requirements of the office of the United States Trustee. To create a clear delineation between checks issued prepetition and checks issued postpetition, the first check issued by the Debtors postpetition shall be check number 2014000, which is 1102 off from the last checks issued pre-petition.

4

14. The Debtors have taken steps to stop payment on all pre-petition debt paid by checks that have not cleared the Debtors' Bank Account. Additionally, the Debtors are reviewing their books and records to identify any payments made without authorization. To the extent necessary, the Debtors will commence actions against those parties receiving payments inadvertently under 11 U.S.C. § 549 or may seek additional relief from this Court.

15. The United States Trustee's concerns of creating a clear line of demarcation between pre and post-petition obligations can be allayed here without the necessity of closing the Bank Account. Subject to a prohibition against honoring pre-petition checks without specific authorization of this Court, the Debtors request that the Bank Account be deemed Debtor in possession account and that the Debtors be authorized to maintain and continue the use of the account in the same manner and with the same account numbers, styles and forms as those employed pre-petition.

16. If the relief requested herein is granted, the Debtors will not pay, and the Bank will be directed not to pay, any checks drawn on the Bank Account pre-petition other than as specifically authorized by this Court.

17. Because the filing of the chapter 11 cases and provision of full notice of this Motion would require the Debtors to either operate in contravention of the United States Trustee's operating guidelines or to open new bank accounts and thus cause the disruption this Motion seeks to avoid and render this Motion moot, the Debtors request an expedited hearing.

18. Pursuant to Local Rule 9013-2, this motion is verified and is accompanied by a Memorandum of Law, proposed Order and proof of service.

19. Pursuant to Local Rule 9013-2, the Debtors give notice that they may, if necessary, call Kenneth McCarthy, the Chief Financial Officer of MSB and Globe, Inc. to testify regarding the facts set out in this Motion.

WHEREFORE, the Debtors request entry of an Order granting expedited relief and authorizing the maintenance of their existing Bank Account and continued use of their cash management system and for such other and further relief as the Court deems proper.

| | |
|---|---|
| Dated:  November 21, 2019 | /s/ James C. Brand |
| | Clinton E. Cutler (#0158094) |
| | James C. Brand (#387362) |
| | Samuel M. Andre (#0399669) |
| | **FREDRIKSON & BYRON, P.A.** |
| | 200 South Sixth Street, Suite 4000 |
| | Minneapolis, MN  55402-1425 |
| | Telephone:  612.492.7000 |
| | ccutler@fredlaw.com |
| | jbrand@fredlaw.com |
| | sandre@fredlaw.com |
| | |
| | **ATTORNEYS FOR THE DEBTORS** |

## VERIFICATION

I, Kenneth McCarthy, the Chief Financial Officer of the Minnesota School of Business, Inc. and Globe University, Inc., declare under penalty of perjury that the facts set forth in the preceding motion are true and correct according to the best of my knowledge, information, and belief.

Dated: November 20, 2019                Signed: _____
                                                Kenneth McCarthy

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | |
| Minnesota School of Business, Inc., | Case No.: 19-33629<br>Chapter 11 Case |
| Debtor. | |
| In re: | |
| Globe University, Inc., | Case No.: 19-33632<br>Chapter 11 Case |
| Debtor. | |

**MEMORANDUM IN SUPPORT OF MOTION FOR ORDER (I) GRANTING EXPEDITED RELIEF AND (II) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNT AND CHECK STOCK AND CONTINUED USE OF CASH MANAGEMENT SYSTEM**

The Debtors submit this memorandum in support of their Motion.[1] The Debtors request that the Court grant this relief because it will avoid delays in the Debtors' receipt of tenant rent payments and their payment of post-petition obligations to employees and service providers. Avoidance of this delay will ensure as smooth of a transition as possible into chapter 11.

**BACKGROUND**

The facts in support of the Motion and referenced in this memorandum are set forth in the verified Motion.

**ANALYSIS**

**I.   CAUSE EXISTS FOR EXPEDITED RELIEF.**

The Debtors request expedited relief on the Motion. Local Rule 9006-1(b) provides that "moving documents shall be filed and served . . . not later than fourteen days before the hearing

---

[1] All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

date." Local Rule 9006-1(e), however, provides that a court may reduce notice for cause. Cause exists here to grant the Motion on an expedited basis. If the Court does not grant expedited relief, the Debtors would be forced into an untenable situation: either maintain the same Bank Account and disregard the United States Trustee's operating guidelines and section 345(b) of the Bankruptcy Code or immediately open a new bank account, causing a disruption to the Debtors' businesses. Thus, cause exists for expedited relief.

## II. THE DEBTORS SHOULD BE AUTHORIZED TO MAINTAIN THEIR EXISTING BANK ACCOUNT, CHECK STOCK, AND CASH MANAGEMENT SYSTEM.

The bankruptcy court has the authority to waive the strict enforcement of bank account closing requirements imposed pursuant to the guidelines adopted by the office of the United States Trustee and such relief is routinely granted. *See, e.g.*, *In re Bowles Sub Parcel D, LLC*, No. 11-44434 (Bankr. D. Minn. July 20, 2011), ECF No. 25; *In re Intrepid U.S.A., Inc.*, No. 04-40416 (Bankr. D. Minn. Feb. 19, 2004), ECF Nos. 65, 122.

As detailed in the Motion, continued use of the Bank Account, existing check stock, and the cash management system is important to ensure a smooth transition into chapter 11. Requiring the Debtors to open a new bank account at this early and critical stage of the cases would be disruptive to the Debtors' operations. Consequently, maintenance of the existing Bank Account and check stock and the continued use of the cash management system are not only essential, but are in the best interest of all creditors and other parties in interest in these cases.

If the requested relief is granted, the Debtors will not pay, and the Banks will be directed not to pay, any prepetition checks except as allowed by order of this Court. The Debtors print their own checks and will create a conspicuous gap in the numbering sequence and postpetition checks will include a "Debtor in Possession" designation. By this manner, the United States

2

Trustee's concern regarding a clear demarcation between pre- and postpetition payments can be enforced.

## **CONCLUSION**

For the foregoing reasons, the Debtors respectfully request that this Court grant the relief requested in the Motion.

Dated:  November 21, 2019                    /s/ James C. Brand
                                              Clinton E. Cutler (#0158094)
                                              James C. Brand (#387362)
                                              Samuel M. Andre (#0399669)
                                              **FREDRIKSON & BYRON, P.A.**
                                              200 South Sixth Street, Suite 4000
                                              Minneapolis, MN  55402-1425
                                              Telephone:  612.492.7000
                                              ccutler@fredlaw.com
                                              jbrand@fredlaw.com
                                              sandre@fredlaw.com

                                              **ATTORNEYS FOR THE DEBTORS**

3

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Minnesota School of Business, Inc.,<br><br>    Debtor. | Case No.: 19-33629<br>Chapter 11 Case |
| In re:<br><br>Globe University, Inc.,<br><br>    Debtor. | Case No.: 19-33632<br>Chapter 11 Case |

## ORDER (I) GRANTING EXPEDITED RELIEF AND (II) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNT AND CHECK STOCK AND CONTINUED USE OF CASH MANAGEMENT SYSTEM

This case is before the court on the Motion for an Order (I) Granting Expedited Relief and (II) Authorizing Maintenance of Existing Bank Account and Check Stock and Continued Use of Cash Management System (the "Motion") filed by the above-captioned debtors (the "Debtors"). Based on the Motion and the file,

**IT IS ORDERED:**

1. The Motion is granted, including the request for expedited relief.

2. The Debtors are authorized to designate, maintain, and continue to use, with the same account numbers, the following bank account at Wells Fargo Bank:

| Debtor | Financial Institution | Account Type | Account No. |
|---|---|---|---|
| MSB & Globe | Wells Fargo Bank | Operating Account | XXXXXX7715 |

(the "Bank Account").

3. The Debtors shall ensure that their check stock states "Debtor in Possession" in accordance with the requirements of the office of the United States Trustee. To create a clear

delineation between checks issued prepetition and checks issued postpetition, the first check issued by the Debtors postpetition shall be check number 2014000. The Debtors are authorized to treat the Bank Account for all purposes as an account of the Debtors as debtors in possession.

4. Wells Fargo Bank is authorized and directed to continue to service and administer the Bank Account as an account of the Debtors as debtors in possession without interruption and in the usual and ordinary course. Wells Fargo Bank shall service and administer the Bank Account in compliance with the requirements set forth in 11 U.S.C. § 345.

5. Wells Fargo Bank is authorized and directed to receive, process, honor, and pay any and all checks and drafts drawn on the Bank Account after the filing date by the holders or makers thereof; provided, however, that Wells Fargo Bank may not honor and pay any check drawn or used by the Debtors before the filing date for which the Debtors have placed a stop payment in writing.

6. Wells Fargo Bank is further authorized to debit the Debtors' account in the ordinary course of business without need for further order of this court for: (i) all checks, items, and other payment orders drawn on the Debtors' account which are cashed at Wells Fargo Bank's counters or exchanged for cashier's checks by the payees thereof prior to Wells Fargo Bank's receipt of notice of filing of the petition; (ii) all checks, automated clearing house entries, and other items deposited or credited to one of the Debtors' account with Wells Fargo Bank prior to filing of the petition which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to filing of the petition; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to Wells Fargo Bank as service charges for the maintenance of the cash management system and Bank Account.

7.     Wells Fargo Bank may rely on the representations of the Debtors with respect to whether any check, item, or other payment order drawn or issued by the Debtors prior to filing of the petition should be honored pursuant to this or any other order of this court, and Wells Fargo Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

Dated:                                                                                   _____

William J. Fisher
United States Bankruptcy Judge